Cleo **JOHNSON**, individually, and on behalf of her minor dependent children and on behalf of all others similarly situated

v.

John **HARDER**, Commissioner of the Connecticut State Welfare Department.

Civ. No. 13765.

United States District Court, D. Connecticut.

May 15, 1970.

Peter Mear, Waterbury, Conn., and Andrew Michael Unetic, Santa Ana, Cal., for plaintiffs.

James M. Higgins, Asst. Atty. Gen. of Conn., East Hartford, Conn., for defendant.

## RULING ON PLAINTIFFS' MOTION TO CONVENE A THREE-JUDGE DISTRICT COURT and DEFENDANT'S MOTION TO DISMISS

BLUMENFELD, District Judge.

Plaintiff Mrs. Cleo Johnson, of Waterbury, Connecticut, is the mother of ten plaintiff children. Two of the children, Marianne and Frances, are beneficiaries under the Old Age, Survivors and Disability Insurance (OASDI) program of Title II of the Social Security Act. Mrs. Johnson and the other eight children have no source of income other than assistance paid by the state under the Aid to Families with Dependent Children (AFDC) program provided for in Title IV of the Social Security Act. Since Marianne and Frances are minors, the benefits payable to them under the OASDI program are paid to Mrs. Johnson as representative payee. *See* 20 C.F.R. § 404.1601 (1969).

The complaint alleges that the Commissioner considers the OASDI benefits paid to Frances and Marianne available to Mrs. Johnson and the other eight children in calculating the total monthly AFDC award to the entire family unit. Since the amounts paid under OASDI exceed the per capita standard of need for Frances and Marianne as members of the family unit under AFDC, the net result is that the family unit receives $84.30 per month less than it would receive if the OASDI benefits paid to Frances and Marianne were considered available only to them.

Plaintiffs raise several claims based upon these facts. Mrs. Johnson and her eight children claim a denial of equal protection as members of a class of AFDC families who have OASDI beneficiaries living at home with them. Their claim in this regard is that they receive less AFDC assistance than a comparable family unit which does not include OASDI beneficiaries, and that the difference is without any rational basis.

Plaintiffs Marianne and Frances, the OASDI beneficiaries, claim that the Commissioner's treatment of their benefits as income available to the whole family deprives them of property without due process, in violation of the fifth and fourteenth amendments and that they are denied equal protection, on two grounds: (1) that the state's action places them in the role of legally liable

relatives but treats them differently from other legally liable relatives, who are afforded an exemption of $250 per month before they must contribute support to their needy relatives; and (2) that they are treated differently from those OASDI beneficiaries with representative payees not on AFDC, in that the state requires a diversion of funds from them which would not be diverted if their representative payee, Mrs. Johnson, were not on AFDC.

In addition to these claims dressed in constitutional garb, plaintiffs contend that the defendant's conduct contravenes various provisions of the Social Security Act and regulations promulgated thereunder, and that it conflicts with one of the state's welfare regulations.

The core question presented is whether OASDI benefits paid by the government to minor members of an AFDC basic family unit may be taken into account by the state in determining the need of the family unit under AFDC.

### Jurisdiction

Having founded their cause of action on 42 U.S.C. § 1983,[1] plaintiffs predicate federal jurisdiction on 28 U.S.C. § 1343 (3).[2] The Supreme Court has recently considered on the merits a number of constitutional challenges to state welfare practices where jurisdiction was grounded on § 1343(3). *E. g.*, Lewis v. Martin, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (Apr. 20, 1970); Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed. 2d 353 (Apr. 6, 1970); Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (Apr. 6, 1970); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (Mar. 23, 1970); King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). In none of these cases, however, is there more than a passing reference to jurisdiction, and in some no reference at all. In *Rosado*, the Court said:

> "[O]nce petitioners filed their complaint alleging the unconstitutionality of [a New York welfare statute], the District Court * * * was properly seised of jurisdiction over the case under § 1343(3) (4) of Title 28 * * *." 397 U.S. 397, at 403, 90 S. Ct. 1207, at 1213.

It further noted that "we find not the slightest indication that Congress meant to deprive federal courts of their traditional jurisdiction to hear and decide federal questions in this field." *Id.* at 422, 90 S.Ct. at 1223.

■ Despite the breadth of the above language from *Rosado*, I am not convinced that the Court has sub silentio abandoned the limitation of § 1343(3) jurisdiction, imposed by Hague v. CIO, 307 U.S. 496, 518, 531, 59 S.Ct. 954, 971, 83 L.Ed. 1423 (1939) (opinion of Mr.

---

1. 42 U.S.C. § 1983 provides:

   "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State * * *, subjects, or causes to be subjected, any citizen of the United States * * * to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2. 28 U.S.C. § 1343(3) provides federal jurisdiction of civil actions:

   "To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution * * *."

The requisite amount in controversy to support jurisdiction under 28 U.S.C. § 1331(a) does not exist in plaintiffs' claim for the difference between the OASDI benefits of $78.00 per month and the AFDC budgetary allotment of $35.85 per month, nor do the plaintiffs attempt to predicate jurisdiction on that ground. The difference of $42.15 per month for each until the age of 18, commuted to present value at conservative interest rates would not amount to $10,000. Section 1331(a) provides:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

Justice Stone), to cases where "the right or immunity [allegedly infringed] is one of personal liberty, not dependent for its existence upon the infringement of property rights." *See* Eisen v. Eastman, 421 F.2d 560, 566 (2d Cir. 1969); McCall v. Shapiro, 416 F.2d 246, 250 (2d Cir.1969), aff'g 292 F.Supp. 268 (D.Conn.1968). *See also*, McClellan v. Shapiro, 315 F. Supp. 484 (D.Conn.1970); Russo v. Shapiro, 309 F.Supp. 385, 390 (D.Conn. 1969). Thus, while "[p]ublic assistance * * * is * * * a means to '* * * secure the Blessings of Liberty to ourselves and our Posterity,'" Goldberg v. Kelly, *supra*, 397 U.S. 254, 90 S.Ct. 1011 at 1019, challenges to a state's administration of its public assistance programs may not necessarily involve infringements of rights of personal liberty. *See* Eisen v. Eastman, *supra*, 421 F.2d at 566 n. 10.

A common denominator in many welfare cases in which § 1343 jurisdiction has been found is a judicial finding that the state's action "may deprive an eligible recipient of the very means by which to live" or render the plaintiff's situation "immediately desperate." Goldberg v. Kelly, *supra*, 397 U.S. at 264, 90 S.Ct. at 1018. *See also*, Shapiro v. Thompson, 394 U.S. 618, 627, 89 S.Ct. 1322, 1327, 22 L.Ed.2d 600 (1969) (denial of aid "upon which may depend the ability of the families to obtain the very means to subsist"); King v. Smith, *supra*, 392 U.S. at 334, 88 S.Ct. 2128 ("destitute children * * * flatly denied * * * assistance").

■■ While complete termination of welfare assistance in the face of "brutal need," Goldberg v. Kelly, *supra*, 397 U.S. at 261, 90 S.Ct. at 1017, may not be the *sine qua non* of § 1343(3) jurisdic-

tion in welfare cases, at least some alleged diminution in what the state has determined is sufficient to "support * * * dependent * * * children * * * in health and decency * * *," Conn.Public Act 730, § 19 (1969), seems necessary. *Cf.* Rosado v. Wyman, *supra*, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 353; Dandridge v. Williams, *supra*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491. In the case at bar, however, the controversy might be stated as whether the Johnson family unit is entitled to receive *more* than what the state has determined is sufficient.[3] Consequently, I am of the opinion that federal jurisdiction in this case cannot be founded on § 1343(3), because plaintiffs have failed to allege an infringement of a right of personal liberty. *See* Bourque v. Shapiro, 319 F.Supp. 729 (D.Conn. 1970); *but see*, Collins v. White, 319 F. Supp. 954 (N.D.Ohio 1969).

■■ Although I do not feel federal jurisdiction is proper in this case, I turn now to a brief discussion of the request for a three-judge district court. To merit convocation of a three-judge district court, plaintiffs' constitutional claims must be substantial. Green v. Board of Elections, 380 F.2d 445, 448 (2d Cir. 1967), cert. denied, 389 U.S. 1048, 88 S.Ct. 768, 19 L.Ed.2d 840 (1968); McCall v. Shapiro, 292 F.Supp. 268, 270 (D.Conn.1968), aff'd, 416 F.2d 246 (2d Cir. 1969).

This is not the first case to reach this court claiming that OASDI payments to minor members of a family unit receiving AFDC may not be taken into account by the state in determining "need." The factual setting of *McCall* is indistinguishable from this case. The claim in *McCall* was not presented in

---

3. This case illustrates the desirability of an authoritative resolution of how the family assistance plan should work in combination with other programs under the common jurisdiction of the Department of Health, Education and Welfare. *Cf.* Flemming v. Nestor, 363 U.S. 603, 610, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960). However desirable it may be

that HEW should effect that coordination, *see* Rosado v. Wyman, *supra*, 397 U.S. at 431–435, 90 S.Ct. at 1227–1229 (dissenting opinion of Mr. Justice Black), its failure to do so could not deprive this court of jurisdiction. Id. at 422, 90 S.Ct. at 1223. On the other hand, neither does its non-action necessarily provide any jurisdictional basis for this court.

precisely the same terms, but analytically, this case is different only in that the challenge to the state's conduct is now launched from a different ground. Instead of the argument that use of OASDI payments for the benefit of a child in the determination of needs of the basic family unit without a prior hearing is a denial of due process, the claims here are that such use is a denial of equal protection and that it deprives the OASDI recipients of property without due process. But the change in the ground upon which relief is sought does not effect any change in the substantiality of the plaintiffs' rights.

What is at issue here is the state's proper allocation of a family's resources in the context of overlapping public assistance programs. Here, as well as in *McCall,* that issue "may present a task of reconciling state regulations * * * with the federal statute * * * and the regulations thereunder * * * [and may involve] a conflict * * * lurking in the welter of federal regulations," [4] 292 F.Supp. at 274, but it does not present substantial constitutional questions. That view is buttressed by the Supreme Court's recent rejection, in Dandridge v. Williams, *supra,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491, of an equal protection challenge to Maryland's use of a family maximum grant limitation in the administration of its AFDC program. There the Court said:

"[T]he Constitution does not empower this Court to second-guess state officials charged with the difficult responsibility of allocating limited public welfare funds among the myriad of potential recipients. Cf. Charles C. Steward Mach. Co. v. Davis, 301 U.S. 548, 584–585, 57 S.Ct. 883, 889–890, 81 L.Ed. 1279; Helvering v. Davis, 301 U.S. 619, 644, 57 S.Ct. 904, 909, 81 L.Ed. 1307." 397 U.S. 471, 90 S.Ct. at 1163.

Since the alleged constitutional claims are "obviously without merit," California Water Serv. Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 82 L.Ed. 1323 (1938), this court must exercise its "important responsibility" to "refuse to convoke a court of three judges and dismiss the action." Utica Mut. Ins. Co. v. Vincent, 375 F.2d 129, 130–131 (2d Cir.), cert. denied, 389 U.S. 839, 88 S.Ct. 63, 19 L.Ed.2d 102 (1967), and it is

So ordered.

---

4. Under 42 U.S.C. § 602(a) "[a] State plan for aid and services to needy families with children must * * * (7) * * * provide that the State agency shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children, * * *."

IV Federal Social Security Handbook § 3120 (1967) provides that in determining need for AFDC recipients, the state must take into consideration "all current income from all sources, such as earnings, OASDI monthly benefits, contributions, etc., actually available to meet the invidual's needs on a regular basis (except as required or permitted to be disregarded or set aside under the various titles of the Social Security Act or other Federal law)."

Other federal regulations require that a representative payee under the OASDI program "apply the payments * * * only for the use and benefit of [the] beneficiary," 20 C.F.R. § 404.1603 (1970), and conserve or invest on the beneficiary's behalf payments not needed for the current maintenance of the beneficiary. 20 C.F.R. § 404.1605 (1970). *And see* 45 C.F.R. Pt. 233 (1970).

Connecticut's welfare regulations provide on the one hand that "all types of benefits" are to be taken into account in determining available income, 1 Conn. State Welfare Manual § 370, and on the other hand that "[w]hen verification discloses that the application of the benefit *is restricted* for the use of any member or members of the household * * *, the income shall be considered available *only* in relation to the needs of the particular child(ren)." *See also* Social Security Claims Manual § 3126 and Example 1, which suggests a result contrary to the one reached by the state in this case.