Mrs. Beverly Leier KOSTOHRYZ et al.,
Plaintiffs,

v.

Commissioner Morris HURSH, Commissioner of Public Welfare, Department of Welfare, State of Minnesota, Defendant.

No. 3–70–Civ.–220.

United States District Court,
D. Minnesota,
Third Division.

July 6, 1971.

Curtis Walker, Jr., St. Paul, Minn., for plaintiffs.

Warren Spannaus, Atty. Gen. of Minnesota and Craig R. Anderson, Asst. Atty. Gen., St. Paul, Minn., for defendant.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Plaintiffs, recipients of Aid to Families with Dependent Children benefits,[1] bring this class action[2] to challenge Minnesota's public welfare regulation relating to stepfathers. Plaintiffs contend that Section VII—2224.04 of the Minnesota Public Welfare Manual, the "stepfather" regulation, is inconsistent with Part A of Subchapter IV of the Social Security Act, 42 U.S.C.A. §§ 601–610, with the regulations promulgated thereunder, particularly 45 C.F.R. § 203.1, and with the due process and equal protection clauses of the Fourteenth Amendment. Specifically, they challenge the "stepfather" regulation insofar as it provides that in determining the need of an AFDC recipient who has a stepfather, the income of the stepparent is considered as available in part for the support of the minor recipient, absent any proof that actual contributions are made for such purpose. Plaintiffs contend that since a stepfather in Minnesota is not legally obligated to support stepchildren unless he adopts them, the "stepfather" regulation violates federal law which states that only such income as is proven available for children is to be considered when determining AFDC grants. See 45 C.F.R. § 203.1. Plaintiffs have experienced a curtailment of their AFDC grants by reason of the Department of Public Welfare's adherence to the presumption of financial contributions by stepparents inherent in the state's regulation.

Although this matter has been submitted on cross motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, it is incumbent upon the Court to initially determine whether this is a proper case for original federal jurisdiction.

Having founded their cause of action on 42 U.S.C.A. § 1983,[3] plaintiffs predicate federal jurisdiction on 28 U.S.C.A. § 1343(3).[4] The Supreme Court has recently considered on the merits a number of challenges to state welfare practices where jurisdiction was grounded on § 1343(3). E. g., Lewis v. Martin, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970); Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442; Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). In none of these cases, however, is there more than a passing reference to jurisdiction, and in some cases no reference at all.

Despite the frequency of the above cases, I am not convinced that the Supreme Court has sub silentio abandoned the limitation imposed on § 1343(3) jurisdiction by Hague v. CIO, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939)

1. Minnesota, along with every other state, participates in the federal government's Aid to Families with Dependent Children program, under which the state receives substantial payments for federally approved plans of state aid to needy families with children. See 42 U.S.C.A. §§ 601–610.

2. This is a class action on behalf of "each Minnesota recipient of AFDC, whose aid payments have been or are about to be reduced or denied by defendant or his agents in amounts calculated from the income of any person who is neither the parent or adoptive stepparent of the dependent children, without proof that such income is actually available to such recipient."

3. 42 U.S.C.A. § 1983 provides:
   "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State * * *, subjects, or causes to be subjected, any citizen of the United States * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

4. 28 U.S.C.A. § 1343(3) provides federal jurisdiction:
   "To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution * * *."

(opinion of Mr. Justice Stone), to cases where "the right or immunity [allegedly infringed] is one of personal liberty, not dependent for its existence upon the infringement of property rights."

■ A series of recent lower federal court decisions reflects that this is still a controlling limitation on federal court jurisdiction under § 1343(3). These cases hold that while property rights and rights of personal liberty are both entitled to protection, only the latter can be asserted in federal courts in § 1983 civil rights actions. *E. g.,* Tichon v. Harder, 438 F.2d 1396 (2nd Cir. 1971); Weddle v. Director, Patuxent Institution, 436 F.2d 342 (4th Cir. 1970); National Land & Investment Co. v. Specter, 428 F.2d 91 (3rd Cir. 1970); Eisen v. Eastman, 421 F.2d 560 (2nd Cir. 1969); Johnson v. Harder, 318 F.Supp. 1274 (D.Conn.1970); Wynn v. Indiana State Department of Public Welfare, 316 F. Supp. 324 (N.D.Ind.1970); McCormick v. First National Bank of Miami, 322 F.Supp. 604 (S.D.Fla.1971). Thus, while "[p]ublic assistance * * * is * * * a means to '* * * secure the Blessings of Liberty to ourselves and our Posterity,'" Goldberg v. Kelly, *supra,* 90 S.Ct. at 1019, challenges to a state's administration of its public assistance programs may not necessarily involve infringements of rights of personal liberty.

A common denominator in many welfare cases based on § 1343 jurisdiction is a judicial finding that the state's action "may deprive an eligible recipient of the very means by which to live" or render his situation "immediately desperate." Goldberg v. Kelly, supra, 90 S. Ct. at 1018. *See also* Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L. Ed.2d 600 (1969) (denial of aid "upon which may depend the ability of the families to obtain the very means to subsist"); King v. Smith, *supra,* ("destitute children * * * flatly denied * * * assistance").

■ Although complete termination of welfare assistance in the face of bru-

tal need may not be the *sine qua non* for § 1343(3) jurisdiction in welfare cases, at least some alleged diminution in what the state has determined is sufficient to support dependent children seems necessary. In the case at bar, however, the core question is most accurately stated as whether plaintiffs are entitled to receive *more* than what the state agency has deemed to be sufficient.

In Johnson v. Harder, 318 F.Supp. 1274 (D.Conn.1970), and Wynn v. Indiana State Department of Public Welfare, 316 F.Supp. 324 (N.D.Ind.1970), federal district courts were presented with challenges to state welfare laws involving factual circumstances quite analogous to the instant case. Plaintiffs there asserted that Connecticut and Indiana welfare laws contravened various provisions of the Social Security Act. In each case plaintiffs were contesting the respective state's method of computing the *amount* of their AFDC grant. Both cases were dismissed for lack of jurisdiction following a court finding that there had been no abridgement of personal liberties alleged by plaintiffs. In support of its decision the *Wynn* court referred to the tenents underlying the civil rights legislation and stated:

"It is * * * reasonably clear that Congress meant to protect those rights and privileges which were then (1871) and now considered a person's *civil* rights, such as nondiscrimination, voting, free speech and assembly, equal protection and due process." 316 F.Supp. at 330.

■ The rights of AFDC recipients which arise under the Social Security Act are not among these classic-type civil rights. To qualify under § 1983 and § 1343(3) the right sought to be enforced should be one incapable of pecuniary evaluation. See Bradford Audio Corp. v. Pious, 392 F.2d 67 (2nd Cir. 1968).

■ I am of the opinion that federal jurisdiction cannot be established here under § 1983, as implemented by § 1343(3), because plaintiffs have neither

alleged nor shown an infringement of a right of personal liberty.

■ Dismissal of this action will not leave plaintiffs without judicial redress. They may file their suit in the courts of the State of Minnesota. State judicial systems perform an important role in the enforcement of federal constitutional and statutory rights, a role that should be encouraged, not discouraged. And Congress has provided that if a state court upholds a state statute against a federal constitutional or statutory challenge, then plaintiffs may appeal to the United States Supreme Court. 28 U.S. C.A. § 1257(2).

