**Mrs. Jeanne ROSEN, as mother and natural guardian of her minor children, et al., Plaintiffs,**

**v.**

**Morris HURSH, individually and as Commissioner of Public Welfare of the Department of Public Welfare of the State of Minnesota, et al., Defendants.**

**No. 3–71–Civ.–25.**

United States District Court, D. Minnesota, Third Division.

July 6, 1971.

Jeffrey H. Hartje, Minneapolis, Minn., for plaintiffs.

Warren Spannaus, Atty. Gen. of Minnesota, and Craig R. Anderson, Asst. Atty. Gen., St. Paul, Minn. for defendants.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

■ Plaintiffs are members of the class represented in Kostohryz, et al v. Hursh, 329 F.Supp. 319 (D. Minn. July 6, 1971), and their challenge to reductions of AFDC benefits under Section VII—2224.04 of the Minnesota Public Welfare Manual, the "stepfather" regulation, as being inconsistent with federal law is identical to that presented in *Kostohryz.* Our decision today in *Kostohryz,* a copy of which is attached, is thus controlling and dispositive as to this issue here. Accordingly,

It is ordered that this cause of action as it relates to the validity of the Minnesota "stepfather" regulation be, and it is hereby

Dismissed.

In addition, plaintiffs here have had public assistance benefits suspended to them altogether because of the stepfather's unwillingness to disclose complete information concerning his assets and income to the Hennepin County Welfare Department. Plaintiffs contend that a state agency cannot require a stepfather, a nonrecipient of assistance, to disclose his assets and income as a condition of his stepchildren's eligibility for AFDC.

This issue of whether the state can predicate AFDC grants on such disclosure by the stepfather has been submitted on cross motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

■ Federal jurisdiction to consider this second issue is proper since complete termination of plaintiffs' welfare benefits has occurred. See Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L. Ed.2d 287 (1970). This is in accord with our reasoning and conclusion in *Kostohryz, supra.*

■ The Social Security Act, 42 U.S. C.A. § 602(a) (7), requires each State AFDC program to "provide that the State agency shall, in determining need, take into consideration any other income and resources of any child or relative

claiming aid to families with dependent children." This statutory mandate underlies the whole structure of the federal and state statutes and regulations which govern determination of initial and continued eligibility for public assistance. And a state or local welfare agency is entitled to adopt reasonable methods for ascertaining the resources available to any child claiming AFDC eligibility. Wyman v. James, 400 U.S. 309, 91 S.Ct. 381, 27 L.Ed.2d 408 (1971).

In April of 1970, the Hennepin County Welfare Department undertook a review and redetermination of the plaintiffs' AFDC eligibility in accordance with federal and state statutes and regulations. 42 U.S.C.A. § 602; Part IV of the Federal Handbook of Public Assistance Administration, §§ 2200 & 2300; M.S.A. § 256.78; Minnesota Public Welfare Manual, § VIII—1223. The review could not be completed because Mr. Rosen, whom Mrs. Rosen had married in April of 1968 and which had precipitated a reduction in plaintiffs' AFDC grant at that time, declined to reveal his assets and income to the welfare agency. Thereupon, the family's AFDC grant was terminated.

■ The Welfare Department properly treated the stepfather as subject to regulations requiring applicants, recipients and caretakers to submit to necessary inquiries for determination of eligibility for AFDC. *See* statutory and regulatory cites, *supra*. It is not unreasonable to require a stepfather and his wife to openly and honestly make available to county welfare boards the facts of their incomes and budget, to the end that the board may fairly and accurately determine if the stepfather is actually giving voluntary support to his stepchildren. See also Green v. Department of Institutions & Agencies, 109 N.J.Super. 462, 263 A.2d 796 (Super.Ct.App.Div. 1970) (sustaining similar disclosure requirements in the New Jersey AFDC program).

■ Although the Welfare Department could not have automatically assumed all of the stepfather's income to be available for the support of the stepchildren, 45 C.F.R. 203.1, his refusal to co-operate abrogated any possibility of the state agency meaningfully assessing the family's true financial needs.

The action of the Welfare Department, stripped of all extraneous considerations, was fundamentally based on its lack of information concerning the needs of the stepchildren. The Department was justified in refusing further aid.

■ Accordingly, defendants' motion for summary judgment that an AFDC grant may be conditioned on a stepfather's providing the Welfare Department with the financial information necessary to determine if he is a financial resource for the recipients of aid is granted.