Robert H. HARGRAVE et al., Plaintiffs,

v.

Shellie McKINNEY et al., Defendants.

Civ. A. No. 68–463–CIV–Tampa.

United States District Court
M. D. Florida.

June 27, 1969.

Frank & Grandoff, Tampa, Fla., Glassie, Pewett, Beebe & Shanks, Washington, D. C., for plaintiffs.

V. Carroll Webb, Gen. Counsel and Larry Levy, Asst. Gen. Counsel, Office of Comptroller, Tallahassee, Fla., W. Crosby Few, Tampa, Fla., for the State.

Robert L. Nabors, Titusville, Fla., for defendant J. D. Nash.

David U. Tumin, Tallahassee, Fla., for defendant H. S. Albury.

John W. McWhirter, Jr., Tampa, Fla., for defendant K. C. Bullard.

John L. Graham, Jr., Orlando, Fla., for defendant Earl K. Wood.

William E. Sherman, Deland, Fla., for defendant Dorothy Matt Mills.

Wayne M. Carlisle, Gainesville, Fla., for defendant Shellie McKinney.

J. T. Chancey, Fort Lauderdale, Fla., for defendant W. H. Meeks, Sr.

James R. Adams, Naples, Fla., for defendant A. P. Ayers.

W. J. Ferguson, Lake City, Fla., for defendant Alvin C. Hosford.

F. E. Steinmeyer, III, Tallahassee, Fla., for defendant Roy Lett.

Thomas J. Shave, Jr., Fernandina Beach, Fla., for defendant Ira W. Hall.

Harold F. Johnson, Sanford, Fla., for defendant G. Troy Ray, Jr.

Clyde B. Wells, Defuniak Springs, Fla., for defendant Jack Little.

Thomas C. Britton, and Stuart Simon, Miami, Fla., for defendant R. K. Overstreet.

Jack A. Harnett, Quincy, Fla., for defendant W. A. Summerford.

William J. Rish, Port St. Joe, Fla., for defendant Harland O. Pridgeon.

Before JOHN R. BROWN, Chief Judge, United States Court of Appeals for the Fifth Circuit.

JOHN R. BROWN, Chief Judge:

█ This case proves again the wisdom of resolving in favor of constituting a 3-Judge Court the initial doubts about the necessity for such a Court, as outlined in Jackson v. Choate, 5 Cir., 1968,

404 F.2d 910; Jackson v. Department of Public Welfare of State of Florida, S.D. Fla., 1968, 296 F.Supp. 1341, and discussed further in City of Gainesville v. Southern Railway, N.D.Ga., 1969, 296 F.Supp. 763. Now—nine months later and after requiring the judicial energies of the Court of Appeals and excluding from a place on the calendar an older case deserving oral argument as a result of expediting this case—it must go back to start all over again as a 3-Judge case.[1]

Plaintiffs here formally requested the District Judge before whom this case was pending to certify the case to the Chief Judge of the Circuit to convene a 3-Judge Court pursuant to 28 U.S.C.A. §§ 2281, 2284. The District Judge declined to do so and, acting only as a single Judge, dismissed the case for lack of jurisdiction.[2]

On appeal the Court of Appeals, by a divided panel, reversed the District Court's dismissal and held that (1) there was no § 1341 jurisdictional bar to the maintenance of the action, and (2) the constitutional question presented was "substantial" within the meaning of Ex parte Poresky, 1933, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152. Hargrave v. McKinney, 5 Cir., 1969, 413 F.2d 320. Accordingly, the case was remanded to the District Court with directions to take appropriate steps to convene a 3-Judge Court.

This prologue serves to illustrate once again the usefulness of the procedure of Jackson v. Choate, *supra*. Much precious time and energy might have been saved if that procedure had been adopted in the instant case.[3]

For example, in this case the preliminary questions were first considered and resolved by a single District Judge, then reevaluated and resolved differently by an appellate panel of three Judges. Because of their reversal, the case must now return for consideration of some of the same basic questions by still another panel of three Judges under 28 U.S.C.A. §§ 2281, 2284. Only after their decision will the case be ripe for whatever further appellate consideration might be sought by the parties.

With such a result it is readily apparent that neither time nor judge-power has been conserved by this circuitous process. That the Court of Appeals was divided only augments the practical disadvantages of a decisive initial prediction of the one-Judge or 3-Judge status. In contrast, if the 3-Judge panel had been convened at

---

1. Case commenced: October 31, 1968
   Dismissed: December 13, 1968
   Expedited and calendared for: March 18, 1969
   Court of Appeals decision [No. 27140]: June 9, 1969

2. Specifically, the District Court held that the suit was barred by 28 U.S.C.A. § 1341.

3. Not surprisingly, 3-Judge cases continue to be big business in the Fifth Circuit as this table covering my tenure as Chief Judge reflects:

Total Designated 3-Judge Cases

(7/17/67 to 5/30/69)

| State | Districts | | | | | Total |
| | Northern | Middle | Southern | Eastern | Western | |
| --- | --- | --- | --- | --- | --- | --- |
| Alabama | 7 | 13 | 4 | | | 24 |
| Florida | 3 | 4 | 10 | | | 17 |
| Georgia | 21 | 3 | 6 | | | 30 |
| Louisiana | | | | 22 | 9 | 31 |
| Mississippi | 12 | | 18 | | | 30 |
| Texas | 13 | | 9 | 0 | 8 | 30 |

TOTAL DESIGNATED SINCE JULY 17, 1967    162

the outset, that panel would have had open to it all the alternatives outlined in Jackson v. Choate, *supra,* and substantial amounts of valuable Court and lawyer time might have been saved. And the possibility—even a frequent possibility—of the result being otherwise does not bring about burdens outweighing the advantages. Many times physically assembling the Judges is neither inconvenient nor necessary. And if a decision is initially reached by the 3-Judge Court that it is a one-Judge matter so that the 3-Judge Court is to be dissolved, it is a simple thing to have all three Judges (or a majority of them) join in the ultimate opinion so that little, if any, is left in the event the Court of Appeals subsequently reverses the holding that it is a one-Judge case.[4]

Order constituting a 3-Judge Court is now entered.

4. This sort of ingenuity is reflected in Chief Judge Spears' opinions for himself and Circuit Judge Goldberg and District Judge Roberts in Rodriguez v. Brown, W.D.Tex., 1969, 299 F.Supp. 479 (Civ.A. 68–206 SA) and Rodriguez v. San Antonio Indep. School Dist., W.D.Tex., 1969, 279 F.Supp. 476 (68–175–SA) of May 12, 1969, and the ultimate opinion expressly joined in by Circuit Judge Goldberg and District Judge Roberts of June 13, 1969, 300 F.Supp. 737. The first opinion stated:

"All members of this panel agree with the quoted conclusions reached by the presiding judge that this is a one-judge, not a three-judge matter; therefore, this cause is remanded to the presiding judge, who will proceed to initially decide the case on its merits. His judgment thereon will become final upon the joinder, by concurrence or dissent, of the other members of the panel. An appeal thereafter will also bring into review the correctness of our order of remand. But, in any event, no matter which way the appellate review goes, whether to the Circuit Court, or ultimately directly to the Supreme Court, the entire case will be before the appellate court for decision. Jackson v. Choate, supra, 404 F.2d at 913."

In the second case this was adapted to the needs of that case:

"[W]e conclude, without a formal court session, that, in the present pos-

ture of this, case, this is a one-judge, not a three-judge matter. As a consequence, this cause is remanded to the presiding judge, who will initially decide the case on its merits; provided, however, that since the parties have requested oral argument on pending motions, and the credibility of witnesses might very well be an issue at the trial on the merits, all members of this panel, in order to keep themselves fully informed, will assemble in one place to convene court formally at such time(s) as shall be necessary to hear all oral arguments to be submitted, and to try this case on its merits. The judgment of the presiding judge 'will become final upon the joinder, by concurrence or dissent, of the other members of the panel. An appeal thereafter will also bring into review the correctness of our order of remand. But, in any event, no matter which way the appellate review goes, whether to the Circuit Court, or ultimately directly to the Supreme Court, the entire case will be before the appellate court for decision'. See Rodriguez v. Brown, 299 F.Supp. 479 (W.D.Tex. May 12, 1969)."

The final opinion (68–206–SA) adhered to the earlier decision that it was a one-Judge case, but the holding on this and the merits was expressly joined in by all three Judges. 299 F.Supp. 479. Virtually without more it is ripe for decision by the Court of Appeals or the Supreme Court.