Herschel WADE et al., Plaintiffs,

v.

The BOARD OF SCHOOL COMMISSION-
ERS OF MOBILE COUNTY et al.,
Defendants.

Civ. A. No. 6922–71–H.

United States District Court,
S. D. Alabama, S. D.

Dec. 27, 1971.

Thomas M. Marr and Ralph P. Loveless, Mobile, Ala., for plaintiffs.

Abram L. Philips, Jr., Mobile, Ala., for defendants.

## ORDER

HAND, District Judge.

It is appropriate, I believe, to make some recitation of the chronology of events leading up to this ruling. By Mandate of the Fifth Circuit Court of Appeals dated July 8, 1971, pursuant to an Order of the Supreme Court of the United States dated April 20, 1971 and filed with the Court of Appeals on May 24, 1971, this Court, in Civil Action 3003–63, entered an Order under date of July 9, 1971, implementing and putting into effect "a comprehensive plan for a unitary school system" submitted by the Board of School Commissioners of Mobile County. Among other things, the plan as implemented provided:

"Upon written request of a parent or guardian, students may be granted transfer from the school in which they are enrolled to any school which serves their grade level for the following reasons only:

"A. Transfers shall be granted to students in case of extreme hardship, provided space is available and provided that such transfer does not require special transportation arrangements by the school board.

"B. Transfers shall be granted to students attending a school in which his race is in the minority with transportation provided by the school board if desired.

"Transfer requests are acted upon by the Division of Pupil Personnel. Appeal from the denial of any transfer request may be made to the Superintendent of the School System. A summary of all transfer requests, and the action taken upon all transfer requests by the Division of Pupil Personnel, and by the Superintendent if there has been an appeal, shall be submitted to the District Court."

On the 18th day of November, 1971, Herschel Wade and others filed an action in the Circuit Court of Mobile County, Alabama, in Equity, seeking a Writ of Injunction against the Board of School Commissioners of Mobile County and others requesting Temporary Injunction in the nature of a Mandatory Injunction to compel the Board of School Commissioners of Mobile County, Alabama, et al, to comply with the provisions of Act 1418 of the Alabama Legislature signed by the Governor of Alabama into law on September 23, 1971. The Circuit Court of Mobile County, Alabama, in Equity, on the posting of a $500.00 bond, did issue a fiat granting Herschel Wade and others the relief requested: namely, that the Board of School Commissioners of Mobile County, et al, effect transfers of students in compliance with their interpretation of the law of the State of Alabama. Act 1418, and did set the matter for further proceedings.

On November 22, 1971 the Board of School Commissioners of Mobile County, et al, filed in this Court, in Civil Action 3003–63, and in the state court proceedings, a document entitled, "For the Information of the Court", which document did purport to advise the Court of the opinion of the School Board that there was a conflict in the requirement of the Order of this Court dated July 9, 1971 and the Order of the Circuit Court of Mobile County, Alabama, in Equity, dated November 18, 1971, and further advising this Court that the School Board of Mobile County would comply with the

injunctive order of the Circuit Court of Mobile County and would not comply with the Order of this Court in those areas wherein the two were in conflict.

Subsequently, the Board of School Commissioners of Mobile County, et al, filed a petition for removal of the state court injunction proceedings to this Court, which said petition was filed on November 23, 1971. This Court, upon receipt of such petition for removal, for the purpose of holding the matter in status quo, issued an Order under date of November 23, 1971 staying all other proceedings pending the determination of whether or not the matter required the convening of a three judge court to determine the constitutionality of the state law pursuant to which the state court injunction was issued. On November 23, 1971, a Motion to Remand was filed by Herschel Wade and others, which said Motion was amended on November 24, 1971. On December 3, 1971 a Motion for Leave to Intervene was filed on behalf of the Non-Partisan Voters League; the Prichard, Alabama, Branch of the National Association for the Advancement of Colored People, Incorporated; Mrs. Mary Alice Gray, and Debra Gray, by and through her next friend, Mrs. Mary Alice Gray. The matter was set for oral argument on December 9, 1971 on the Motion to Remand. On December 3, 1971 another petition on behalf of the intervenors was filed entitled, "Motion for Injunctive and Declaratory Relief to Protect the Judgment of this Court in Civil Action 3003–63".

It thus appears that the posture of the case at this time is:

1. Was the cause properly removed from the Circuit Court of Mobile County in the *initial instance*, or should the cause be remanded?

2. If the cause is not to be remanded, should intervenors be permitted to intervene?

3. Is there a requirement that a three judge panel be convened to pass on the Constitutionality of Act 1418?

4. Is there an assault on the Orders of this Court?

It is the opinion of the Court that it is not necessary to answer these various questions in the order catalogued in order to dispose of this matter.

The Constitution of the United States, contrary to the apparent opinion of some, or so it would seem, applies equally to all of the citizens of this Country. This fundamental principle requires no citation of authority.

In Marbury v. Madison, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803), the issue of the supremacy of the Constitution of the United States and the right of every individual to claim protection thereunder whenever he was aggrieved by application of contrary law, was decided. As stated by Mr. Chief Justice John Marshall:

"The question, whether an act, repugnant to the Constitution, can become the law of the land, is a question deeply interesting to the United States; but, happily, not of an intricacy proportioned to its interest. It seems only necessary to recognize certain principles, supposed to have been long and well established, to decide it. That the people have an original right to establish, for their future government, such principles as, in their opinion, shall most conduce to their own happiness, is the basis on which the whole American fabric has been erected. The exercise of this original right is a very great exertion; nor can it, nor ought it, to be frequently repeated. The principles, therefore, so established, are deemed fundamental: and as the authority from which they proceed is supreme, and can seldom act, they are designated to be permanent.

" * * * It is a proposition too plain to be contested, that the constitution controls any legislative act repugnant to it: or that the legislature may alter the constitution by an ordinary act.

"Between these alternatives, there is no middle ground. The constitution is

either a supreior paramount law, unchangeable by ordinary means, or it is on a level with ordinary legislative acts, and, like other acts, is alterable when the legislature shall please to alter it. If the former part of the alternative is true, then a legislative act, contrary to the constitution, is not law: if the latter part be true, then written constitutions are absurd attempts, on the part of people, to limit a power, in its own nature, illimitable.

\* \* \*

"It is, emphatically, the province and duty of the judicial department, to say what the law is. Those who apply the rule to particular cases, must of necessity expound and interpret that rule. If two laws conflict with each other, the Courts must decide on the operation of each. So, if a law be in opposition to the constitution; if both the law and the constitution apply to a particular case, so that the court must either decide that case, conformable to the law, disregarding the constitution; or conformable to the constitution, disregarding the law; the court must determine which of the conflicting rules governs the case: This is of the very essence of judicial duty. If then, the courts are to regard the constitution, and the constitution is superior to any ordinary act of the legislature, the constitution, and not such ordinary act, must govern the case to which they both apply."

■ The general rule of law in Alabama, as elsewhere, is that legislative acts are, or should be, presumed to be constitutional if reasonably susceptible of an interpretation free from constitutional inhibition. This presumption obtains unless the invalidity of the statute is made to appear or has otherwise been judicially declared by a competent tribunal. 16 C.J.S. Constitutional Law § 99A page 388 and cases cited, note 46. The presumption does not apply, however, or its operation is given a much narrower scope where the statute shows upon its face a violation of constitutional provisions, and no presumption of constitutionality attaches to the actions of a private group where their actions are challenged by persons injuriously affected by it. This is especially so when there is a delegation of the legislative power to private individuals who come in conflict with other private individuals of equal standing before the Court. 16 C.J.S. Constitutional Law § 99 page 408.

■ The Alabama law, and the law generally, contemplates that a Court will endeavor to make an act of the legislature speak constitutionally.

■ Through a long line of cases from Brown v. School Board through Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554, the Supreme Court has determined that the doctrine of separate but equal schools is not constitutional, and has determined that a unitary school system is a requirement of the law. Whether this Court or anyone else agrees with that determination or not is of no moment in this discussion now, for it is clear beyond contest that as the constitutional interpretation of the law now stands on this point, and until it is otherwise changed either by amendment or decree of some higher authority, pursuant to the Mandates of the United States Supreme Court and the Court of Appeals for the Fifth Circuit, the Order of this Court of July 9, 1971 is and will remain the law governing the operation of the Mobile County School System and this Court will uphold that law.

The aforementioned Order sets out as its goal the establishment of a unitary system for Mobile County, compliance with which would, once and for all, abolish, insofar as Mobile County is concerned, the dual system. All citizens of Mobile County have a stake in the accomplishment of this goal and no private citizen has the right to thwart it by an interpretation of a law or an attempted interpretation of a law that would con-

travene the constitutional principles inculcated in that Order.

 Because this Court does not presume that the legislature of the State of Alabama or the Courts of the State of Alabama would deliberately set out in an effort to abridge constitutional rights or to enact laws, the interpretation of which would seek to do just that, and because the issue of the constitutionality of Section 1418 is not properly before this Court for determination, and such determination is not required in connection with this Order or the conclusions herein set forth, this Court does not decide that said section is constitutional or unconstitutional, and inasmuch as the Court reaches this conclusion the Court further finds, and so holds, that this is not an appropriate case in which to convene a three judge court.

 Having so concluded, until higher authority changes the law, the conduct and operation of the Mobile County School System shall be in accordance with the agreement reached by the school officials with other interested parties, which agreement was incorporated in the Order of this Court of July 9, 1971. Stability in the administration of the School System requires effective control by the Board of School Commissioners pursuant to such Order and not the least of these controls is in regard to the orderly transfer of students from one school to another. Indeed this is what counsel for the plaintiffs in this action argued to the Court, stating all they merely sought was permission to transfer their children upon showing of good cause. The Order of July 9, 1971 so provides, and any determination of a parent or guardian or any act or decision contrary to such procedure, would, in view of the constitutional mandates of the higher courts, violate the law, and would deprive the Board of School Commissioners and/or the Superintendent or principals of the various schools necessary control of the system to insure its orderly administration. This surely could not be the intent of the legislature

nor of the state court, but if it were to be so interpreted, then to that extent it would be an unconstitutional application of that law. Any effort on the part of any of the parties hereto or anyone else similarly circumstanced, or any court or other administrative agency, to so apply the state act, would be in direct contravention of the Mandates of the Supreme Court of the United States and the Fifth Circuit Court of Appeals and their interpretation of constitutional principle, and of the Order of this Court issued pursuant thereto, and any such attempted interference is hereby prohibited and enjoined.

 Counsel has argued that this cause is improperly removed. The Court does not agree for the issues involved are vital to the protection of the rights of all citizens affected by the Court's Order, and the preservation of that Order is of paramount interest to all concerned. Whether the matter is properly removed under the provisions of Title 28, Section 1441, et seq. or pursuant to the authority contained in Title 28, Sections 1651 and/or Section 2283 is immaterial to this determination inasmuch as the contemplated authority of these sections does repose jurisdiction in this Court. Therefore, the petition to remand is denied and this Court retains jurisdiction of the cause. Federal Practice and Procedure, Rules Edition, Barron and Holtzoff, Wright, Volume 1, Section 102, page 466; State of Alabama, et al. v. United States, et al., D.C., 314 F.Supp. 1319; United States v. Wallace, D.C., 218 F.Supp. 290; Broyhill v. Morris, et al., 4th Cir., 408 F. 2d 820 and Bullock v. United States, 6th Cir., 265 F.2d 683, 690.

 The petition to intervene raises no issue requiring the allowance of such intervention. This is particularly so as to Prichard, Alabama, Branch of the National Association for the Advancement of Colored People, Incorporated; the Non-Partisan Voters League, and Mrs. Gray. Nor is such intervention required in order to induce this Court to assume its obligation in the enforcement of its

Order, therefore, the petition for leave to intervene is hereby denied.

The Order of this Court of November 23, 1971 is superseded hereby and this Court retains jurisdiction for all purposes necessary to preserve and carry out this Order.