COUNCIL NO. 34, AMERICAN FEDERA-
TION OF STATE, COUNTY AND MU-
NICIPAL EMPLOYEES, AFL–CIO, and
Lawrence Reinold, its Representative,
Plaintiffs-Appellants,

v.

Richard B. OGILVIE, as Governor of the
State of Illinois, et al., Defendants-
Appellees.

No. 71–1473.

United States Court of Appeals,
Seventh Circuit.

Argued April 11, 1972.

Decided July 10, 1972.

**222**

Gilbert Feldman, Chicago, Ill., for appellants.

William J. Scott, Atty. Gen., Donald S. Carnow, Francis T. Crowe, Asst. Attys. Gen., Chicago, Ill., for appellees; Herman R. Tavins, Asst. Atty. Gen., of counsel.

Before DUFFY, Senior Circuit Judge, KILEY and HAMLEY *, Circuit Judges.

DUFFY, Senior Circuit Judge.

Plaintiffs' complaint herein requested a temporary restraining order, a preliminary injunction and a permanent injunction to enjoin the defendants from enforcing The Ethics Code of the Governor of Illinois (Code) and the Rules of the Director of Personnel (Rules) promulgated under the Code, which required various of the plaintiff Union members to file financial disclosure statements.

Plaintiffs are Council 34, American Federation of State, County and Municipal Employees, AFL–CIO (Union), and unincorporated association and labor organization representing public employees of the State of Illinois, and Lawrence Reinold who is the Director of said Council 34 and representative of the Union in this suit. The named defendants are the Governor of Illinois, the Director of the Department of Personnel, State of Illinois, and various directors or chief executives of administrative departments of the State of Illinois.

On April 16, 1971, the District Court entered a temporary restraining order. On April 19, 1971, after a hearing on the merits of the complaint, the District Court vacated instanter the temporary

* Circuit Judge Frederick G. Hamley of the Ninth Circuit is sitting by designation.

restraining order and summarily denied plaintiffs' motion for a preliminary injunction. Plaintiffs now appeal.

The issues [which were raised upon appeal and which are now before us] are I. Whether the plaintiffs, as an unincorporated association, have the capacity to maintain this suit; II. Whether the plaintiffs have standing to maintain this suit; III. Whether the financial disclosure requirements and the procedures established to implement the Code are violative of state employees' right to privacy and right to due process of law. An ancillary issue which was discussed by the District Court in denying plaintiffs' prayer for relief concerned the propriety of convening a three-judge court pursuant to 28 U.S.C. § 2281.

Plaintiffs argue on appeal that the financial disclosure requirements imposed on various employees of the State of Illinois violate their Fourth Amendment right of privacy which right, they argue, is within the penumbra of the specific guarantees of the Bill of Rights as enunciated in Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). They specifically allege in their complaint that "Said statements will be public documents thereby exposing the private lives of the employees of the State of Illinois to the public." Paragraph 13 of the Code, here in question, is the basis for plaintiffs' constitutional claim of deprivation of privacy. That paragraph provides in pertinent part:

> "13. Officers appointed by the Governor, administrative assistants to the Governor or an officer, such other persons as determined by the Governor, and persons who believe that the nature of their employment may give rise to conflicts of interest, shall file with the Director of the Department of Personnel written statements of all economic interests and relationships likely to create a conflict of interest. . . . If an officer or employee has no economic interests or relationships likely to create a conflict of interest, a statement to that effect shall

be filed. Such statements filed with the Director shall be open to public inspection. However, the Director may, in exceptional circumstances, and where necessary to avoid serious hardship, retain particular items of information in confidence. . . ."

The jurisdictional statement of plaintiffs' complaint cited 42 U.S.C. §§ 1981, 1982 and 1983 as the jurisdictional basis for this suit. The District Court was of the opinion that 42 U.S.C. § 1983 was the operative statute herein stating with respect thereto "I think 1983, Title 42, is the operative statute and the one that gives jurisdiction here, if I have any at all. . . ." We shall discuss the questions in the order presented before us.

## I. JURISDICTION OVER THE PERSON.

Defendants argue that the plaintiff Union lacks capacity to sue because, under Illinois law, an unincorporated association is precluded from maintaining an action in its own name. Defendants are correct in interpreting the general import of Rule 17(b), F.R.C.P., which provides that if the organization lacks capacity to litigate in the state where the action is brought, it will be precluded from a federal forum in that state.

We agree with defendants' interpretation with respect to the law of Illinois regarding the capacity of unincorporated associations. Nevertheless, they have not considered the applicable exception contained in Rule 17(b) (1) to the principle that a party's capacity to sue or be sued is to be determined by the law of the forum state.

The pertinent portion of Rule 17(b) provides that ". . . capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws

of the United States. . . . " This passage had its origin in United Mine Workers v. Coronado Coal Co., 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975 (1922) where the Supreme Court held that an action was properly brought against a labor union regardless of the fact that such suit would have been precluded by state law with respect to capacity of unincorporated associations. See Sperry Products v. Association of American Railroads, 132 F.2d 408 (2 Cir., 1942).

Therefore, as stated in Wright, Federal Practice and Procedure, § 1564, at page 745 ". . . Rule 17(b) (1) amplifies the Coronado decision to include all partnerships and other unincorporated associations and applies both to their capacity to sue and their capacity to be sued. However, the rule expressly requires that the action be for an enforcement of a substantive right arising under the Constitution or the laws of the United States, a limitation that was not consistently observed by the courts prior to the Rule's adoption."

■ Thus, Rule 17(b) (1) has enabled a partnership or other unincorporated association to sue or be sued in a number of suits involving constitutional rights where state law inhibits the capacity of such litigants. Todd v. Joint Apprenticeship Committee of Steelworkers of Chicago, 223 F.Supp. 12 (D.C.Ill., 1963); Gilmour v. Wood, Wire and Metal Lathers International Union, Local No. 74, 223 F.Supp. 236 (D.C.Ill., 1963); United States, for the Use and Benefit of Fine v. Travelers Indemnity Company, 215 F.Supp. 455 (D.C.Mo.,1963); International Longshoremen's & Warehousemen's Union v. Ackerman, 82 F. Supp. 65 (D.C.Haw., 1948); United Electrical, Radio and Machine Workers of America, CIO v. Baldwin, 67 F.Supp. 235 (D.C.Conn., 1946). Even if the law of Illinois does not allow suits against or for unincorporated associations, because the plaintiff seeks to enforce a substantive right created by the Fourth Amendment of the Constitution, Rule 17(b) would appear to be satisfied. We hold that plaintiff Union has capacity to maintain this suit.

We are of the opinion that the District Court was correct in its contention that plaintiffs had the requisite capacity to maintain this suit.

## II. STANDING.

■ As plaintiff Union has the capacity to sue, the District Court had jurisdiction over the individual plaintiffs.

The District Court also determined that subject matter jurisdiction was present, a holding uncontested by defendants on appeal, by the jurisdictional statement of a violation of plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth Amendment. However, defendants do argue that plaintiffs have failed to overcome the threshold jurisdictional question of standing to bring the action.

The doctrine of standing imposes jurisdictional limitations on the power of federal courts to hear and decide cases. The Supreme Court in United States ex rel. Chapman v. Federal Power Commission, 345 U.S. 153, 156, 73 S.Ct. 609, 612, 97 L.Ed. 918 (1953) stated the law of standing is a "complicated specialty of federal jurisdiction, the solution of whose problems is in any event more or less determined by the specific circumstances of individual situations. . . ." In later cases, the Supreme Court has attempted to categorize or circumscribe limitations to the determination of whether a party has standing to maintain a suit. In Flast v. Cohen, 392 U.S. 83, 101, 88 S.Ct. 1942, 1953, 20 L. Ed.2d 947 (1968), the Court stated:

"[I]n terms of Article III limitations on federal court jurisdiction, the question of standing is related only to whether the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution."

This is dependent upon the initial judicial determination of whether the party seeking relief has ". . . alleged

such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." Baker v. Carr, 369 U.S. 186, 204, 82 S. Ct. 691, 703, 7 L.Ed.2d 663 (1962).

Therefore, when standing is in issue in a certain case, the question is whether the person or party whose standing is challenged is a proper party to request an adjudication of a particular issue, not whether the issue itself is justiciable. Yet, it is necessary to consider the substantive issues in order to determine whether a "logical nexus" has been established between the status of the party and the claim sought to be adjudicated. Flast v. Cohen, *supra*.

In resolving this issue, there are two inquiries to be made. First, whether this "logical nexus" between party and claim has been established (Flast v. Cohen, *supra*) and, second, whether the plaintiffs are harmed, injured or aggrieved in fact, economically or otherwise, by the law (or in this case the administrative enactment with the effect of law) against which their complaint is directed. See Association of Data Processing Service Organizations, Inc. v. Camp,[1] 397 U.S. 150, 90 S.Ct. 827, 25 L. Ed.2d 184 (1970); Lee v. Nyquist, 318 F.Supp. 710, 713 (D.C.N.Y.1970).

We believe the plaintiff Union herein satisfies the "logical nexus" test. The members of the Union who earn over $20,000 in State of Illinois employ or who have a position which "is likely to create a conflict of interests" are parties who may have to make disclosures of their finances which disclosures might be open to the public. Thus, the impact of their claim is that the State of Illinois disclosure requirements will violate their Fourth Amendment right to privacy. Consequently, there exists a logical nexus between the State of Illinois enactment and the constitutional infringement alleged or alternatively, the interest sought to be protected is within the "zone of interests." Furthermore, the plaintiff Union herein is a proper party to represent its members when authorized to safeguard their employment interests. Lodge 1858, American Federation of Government Employees v. Paine, 141 U.S.App.D.C. 152, 436 F.2d 882, 893 (1970). But organizational representatives, like their constituents in a singular capacity, when prosecuting the action alone, must survive the exactions of the "case or controversy" requirement. United Federation of Postal Clerks, AFL–CIO v. Watson, 133 U.S. App.D.C. 176, 409 F.2d 462, 469 (1969). See NAACP v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963).

Plaintiff Union has alleged merely a general threat of possible interference to the right of privacy of Union members under the Fourth Amendment by the promulgation of the Code and corresponding Rules. If the Union established the requisite injury to its members, or alleged that state employees had been harmed at or before the time of filing the complaint for equitable relief, it would not matter that the dominant thrust of their action was one for a declaration of their Fourth Amendment rights. But standing is not a question of motivation of the parties, but possession of an interest which is, in essence, alleged as injured at the outset of the litigation, or which interest is immediately in danger of sustaining some direct injury as a result of the enforcement of some state action. Doremus v. Board of Education, 342 U.S. 429, 72 S. Ct. 394, 96 L.Ed. 475 (1954).

While some courts have indicated a willingness to confer standing to

---

1. Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 153, 90 S.Ct. 827, 830, 25 L.Ed.2d 184 (1970) applies an alternative to the "logical nexus" test where the Court states the question of standing, apart from the case or controversy test, depends on "whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected . . . by the . . . constitutional guarantee in question. . . . "

organizations that have demonstrated an organizational interest in the controversy, at least one of the party litigants to the action must assert an individualized injury either to himself or, in the case of an organization, to its members. Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). Yet, here there has been no individualized injury alleged with respect to any member of the plaintiff Union or to the Union itself, nor has the plaintiff Union alleged in what form that injury, economic or otherwise, might occur in the future to the state employees. Therefore, we are of the opinion that until the time, if ever, injury can be alleged, plaintiffs lack the proper standing to maintain this suit.

 ██ In essence, the plaintiff Union desires an advisory opinion with respect to the constitutionality of the Governor's Code of Ethics and the Rules. "As is well known the federal courts established pursuant to Article III of the Constitution do not render advisory opinions." United Public Workers v. Mitchell, 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947). See Muskrat v. United States, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246 (1911). Where courts are forced to speculate as to the types of constitutionally protected activities parties desire to engage in, or infringements of constitutionally protected rights they desire to be protected from, judicial authority will not intervene until actual interference is realized. "A hypothetical threat is not enough." United Public Workers v. Mitchell, *supra*. No state action or disciplinary proceedings have occurred since the enactment of the Code or Rules. Therefore, no actual legal controversy exists.

We find no reason to consider the actual merits raised by the plaintiff Union on appeal except in our previous determination of lack of standing to maintain the action.

*III. PROPRIETY OF A THREE JUDGE COURT.*

 ██ Counsel for the Union failed to request a three judge court as required by 28 U.S.C. § 2281 when a state statute is challenged or when an order of a state administrative agency is contested when seeking injunctive relief. We are of the opinion that the District Court was well within its discretion without convening a three judge court to dismiss the action denying the injunction. Ex Parte Poresky, 290 U.S. 30, 31, 54 S.Ct. 3, 78 L.Ed. 152 (1933). While a single District Judge is without jurisdiction to pass on the constitutionality of a state statute or state enactment with the effect of law, Bell v. Waterfront Commission of New York, 183 F.Supp. 175 (D.C.N.Y., 1960), affd. 2 Cir., 279 F.2d 853, a District Judge need not convene a three judge court in such cases if the constitutional question presented in the complaint is not substantial. Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965); Klein v. Lee, 254 F.2d 188 (7 Cir., 1958); Powell v. Workmen's Compensation Board of the State of New York, 327 F.2d 131 (C.A.N.Y., 1964); Lincoln v. California Adult Authority, 435 F.2d 133 (9 Cir., 1970); Johnson v. Harder, 318 F.Supp. 1274 (D.C.Conn., 1970); State of Alabama v. United States, 314 F.Supp. 1319 (D.C.Ala., 1970), cert. den. 400 U.S. 954, 91 S.Ct. 355, 27 L.Ed.2d 262. It may decide whether jurisdiction, as alleged, permits federal court intervention. Ex Parte Poresky, *supra*.

We feel the District Court properly denied the plaintiffs' motion for injunctive relief for the reasons enumerated in this opinion. The order of the District Court is hereby

Affirmed.

HAMLEY, Circuit Judge (concurring):

I would have been willing to hold that the complaint sufficiently individualizes the direct way in which members of plaintiff Union, being State employees, are adversely affected by the challenged regulation and rules, to confer standing upon the Union to maintain this action, having in view the teaching of Sierra Club v. Morton, Secretary of the Interi-

or, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed. 2d 636 (April 19, 1972). About all that was lacking were the names of the members who were so affected, and this could have been supplied through pretrial discovery.

But the order under review does not dismiss the action, it merely denies a motion for a preliminary injunction. The action is still viable. Plaintiff Union may seek in the district court to amend its complaint by a motion under Rule 15, Federal Rules of Civil Procedure. *See Sierra Club, supra,* page 735, 92 S.Ct. 1366, note 8. I therefore defer to my Brothers on the question of the sufficiency of the complaint to establish standing. In my view, if the complaint is adequately amended in this regard the single district judge will have to give way to a statutory three-judge court insofar as further district court proceedings are concerned. *See* 28 U.S.C. §§ 2281, 2284; Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962).