Edward J. **TROMBETTA** et al., Plaintiffs,

v.

The **STATE OF FLORIDA**, and Jerry Thomas, as President of the Florida Senate, Defendants.

No. 72–182–Civ. T.

United States District Court, M. D. Florida, Tampa Division.

March 31, 1972.

---

1. Defendant states that he does not recall making such an affirmation.

**1360**

Richard H. Frank, Tampa, Fla., Frazier, Tiballi & Schroeder, Fort Lauderdale, Fla., for plaintiffs.

Herbert T. Schwartz, Deputy Atty. Gen. of Fla., Tallahassee, Fla., for defendants.

### ORDER

HODGES, District Judge.

Article XVI, Section 19 of the Florida Constitution of 1885 (25 F.S.A. 643), which remained intact until supplanted by the new Constitution of 1968, F.S.A. provided as follows:

"§ 19. Action on proposed United States constitutional amendment; prerequisite

"Section 19. No Convention nor Legislature of this State shall act upon any amendment of the Constitution of the United States proposed by Congress to the several States, unless such Convention or Legislature shall have been elected after such amendment is submitted."

The substance of this provision was modified and carried forward as Article X, Section 1 of the Florida Constitution of 1968 (25 F.S.A. 729), and now provides as follows:

"§ 1. Amendments to United States Constitution

"The legislature shall not take action on any proposed amendment to the constitution of the United States unless a majority of the members thereof have been elected after the proposed amendment has been submitted for ratification."

This action was filed on March 28, 1972, seeking an adjudication that this organic provision of Florida law is repugnant to Article V of the United States Constitution and is, therefore, void on its face through operation of the Supremacy Clause of Article VI.

Plaintiffs are members of the Florida Legislature which is currently in session. The named Defendants are the State of Florida and Jerry Thomas, as President of the Florida Senate.

Plaintiffs assert standing to sue as members of the Legislature; and the controversy is said to be ripe for judicial determination in that (a) final action was taken in Congress on March 22, 1972, proposing a Twenty-Seventh Amendment to the Constitution of the United States; (b) the Florida House of Representatives on March 24, 1972, adopted a resolution approving the proposed amendment notwithstanding the above-quoted provision of the State Constitution; but (c) the Florida Senate, and particularly its President, the Defendant Jerry Thomas, has refused to take action on the House Resolution *because* of such provision, i. e., Article X, Section 1 of the Florida Constitution.

Jurisdiction of this Court is alternatively invoked pursuant to 28 U.S.C.A. §§ 1331, 2201 and 2202; 42 U.S.C.A. § 1983; and Articles V and VI of, and the Fourteenth Amendment to, the Constitution of the United States.[1]

---

1. The Complaint does not cite 28 U.S.C.A. § 1343(3) as a basis for this Court's jurisdiction over the subject matter al-
though, if such jurisdiction exists, it may well be derived at least in part from that provision.

At the urging of the Plaintiffs upon the filing of this action, the Court entered an order directed to the Defendants and requiring them to appear two days hence to show cause "why an injunctive order should not be entered enjoining the Defendants from denying to the Plaintiffs their right to engage in and fulfill the federal function prescribed by Article V of the Constitution of the United States and from declaring Article X, Section 1 of the Florida Constitution void, unenforceable and inoperative." The Defendants appeared at the subject hearing through an Assistant Attorney General and orally moved the dismissal of the complaint on several grounds, reserving the right to file formal written pleadings at a later date. Among other things, the Defendants suggested and vigorously argued that the case is one in which a three-judge court must be convened pursuant to 28 U.S.C.A. §§ 2281 and 2284.

Thus, quite apart from the manifest questions of jurisdiction, venue, scope of injunctive relief and other weighty issues touching the merits of the case, the Court is confronted at the outset with the somewhat unusual situation in which the Defendants, rather than the Plaintiffs, seek a three-judge court. Indeed, the Plaintiffs oppose a three-judge court as unnecessary, and they pray, in effect, for an immediate decree without further ado declaring the challenged provision of the Florida Constitution as invalid, followed by the issuance of "appropriate orders pursuant to the provisions of 28 U.S.C.A. 1651 [the All Writs Act]." [2]

Plaintiffs' argument on the merits of the case as well as the inapplicability of 28 U.S.C.A. §§ 2281 and 2284 proceeds very simply as follows. It is first contended that the function of a State Legislature in ratifying a proposed amendment to the Federal Constitution is a federal function, and it transcends any limitations sought to be imposed by the people of a state. Hawke v. Smith, 253 U.S. 221, 40 S.Ct. 495, 64 L.Ed. 871 (1919); Leser v. Garnett, 258 U.S. 130, 42 S.Ct. 217, 66 L.Ed. 505 (1922). Thus, Plaintiffs continue, Article X, Section 1 of the Florida Constitution is so palpably offensive to Article V of the Federal Constitution that any claim to the contrary would be frivolous and a three-judge court is unnecessary. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962). See also, Kirkland v. Wallace, 403 F.2d 413 (5th Cir. 1968).

These decisions clearly support the propositions of law for which they have been cited as authority by the Plaintiffs. It does not necessarily follow, however, that their application to this case is so plain as to justify or require a summary disposition of the issue by this Court alone and without affording the Defendants a better opportunity to plead and argue the matter. In *Bailey*, for example, the Plaintiffs sought injunctive relief against the operation and enforcement of a series of Mississippi statutes purporting to impose racial segregation in interstate transportation services. A three-judge court was convened and it then elected to abstain pending construction of the challenged statutes in state courts. On direct appeal the Supreme Court held, not only that abstention was inappropriate, but that a three-judge court was unnecessary under 28 U.S.C.A. §§ 2281 and 2284 since the validity of such state laws had already been foreclosed as a litigable issue by prior decisions that were four-square dispositive

---

**2.** The complaint is obviously vague with respect to the precise nature and scope of injunctive relief being sought. Plaintiffs suggested during the hearing that the Court could, *inter alia*, mandatorily enjoin the Florida Senate to take up and consider forthwith the proposed Twenty-Seventh Amendment. Any remedy of that degree would seem to be a *non sequitur*, even assuming the invalidity of Article X, Section 1; but the point is mentioned only to indicate the distinct separation between the prime issue and the relief to be afforded, if any, and the fact that the case is unsuitable for summary disposition on that ground alone.

of the question. The asserted constitutional issue was deemed to be "fictitious", and any claim to the contrary would be "frivolous".

Can it be said with equal certainty that the Florida constitutional provision involved in this case is already vitiated beyond question by prior decisions? The nearest case cited by the Plaintiffs is Hawke v. Smith, 253 U.S. 221, 40 S. Ct. 495, 64 L.Ed. 871 (1919). There, the Court struck down a provision of the Ohio Constitution which required a referendum prior to final ratification of any proposed amendment to the Federal Constitution. In effect, the state legislature was stripped of any authority to act on the question and the Court held such provision to be repugnant to Article V. By contrast, it is at least arguable that the Florida Constitution does not go that far. Final authority to ratify still reposes in the legislature as required by the Federal Constitution.

 Thus, while it must be recognized that the Plaintiffs' claim of unconstitutionality is substantial,[3] this Court sitting alone is not prepared to say that any argument advanced by the Defendants in support of the provision under attack would necessarily be frivolous or fictitious.

■ The phrase "any state statute" as used in 28 U.S.C.A. § 2281 includes provisions of the state constitution. Keppel v. Donovan, 326 F.Supp. 15 (D. Minn.1970). And the drastic importance of any judicial act invalidating an organic law of a sovereign state—especially by a single subordinate judge—is the precise consideration that led to enactment of the three-judge provisions. Florida Lime Growers v. Jacobsen, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568 (1960). Furthermore, the teaching of the Court of Appeals in this Circuit is forcefully and unmistakably clear. Except in cases in which there can be no doubt at all, District Judges are instructed to invoke the provisions of 28 U.S.C.A. § 2284 so that the Chief Judge

may consider convening a three-judge court. Even in those cases in which it may ultimately be determined that a three-judge court was improvident, the net expenditure of judicial time and labor is minimized through avoidance of intervening mandamus proceedings and the potential necessity of remand following an appeal on the merits. Jackson v. Choate, 404 F.2d 910 (5th Cir. 1968); Hargrave v. McKinney, 302 F.Supp. 1381 (M.D.Fla.1969) (Opinion of Chief Judge Brown); State of Alabama v. United States, 314 F.Supp. 1319 (S.D. Ala.1970).

For the reasons expressed herein, the Plaintiffs' application that the Court proceed *in solo proprio*, as well as the prayer for summary disposition on the merits, are each severally denied. A copy of this order will be dispatched forthwith to the Chief Judge of this Circuit with the request that he convene a three-judge court pursuant to 28 U.S. C.A. § 2284.

---

3. See and compare, Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933).