66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bill LEWIS, Plaintiff-Appellant,
v.
James Wiley CRAFT, Defendant-Appellee.
 No. 94-5322.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1995.
 
 Before: JONES and NORRIS, Circuit Judges, and DOWD, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Bill Lewis appeals summary judgment for Defendant James Craft in this civil rights action brought pursuant to 42 U.S.C. Sec. 1983. Lewis sued Craft individually, in his official capacity as Commonwealth's Attorney in Letcher County, Kentucky, and in his official capacity as an attorney for the Letcher County School Board, claiming that Craft maliciously prosecuted Lewis without basis in order to keep Lewis from winning a seat on the school board and for financial gain. For the reasons stated below, we affirm the decision of the district court.
 
 I.
 
 2
 In 1986, a dispute arose between Lewis and an adjoining land owner, Mrs. Ritter Adams, concerning Lewis' permitting persons to cut trees on Mrs. Adams' property which Lewis mistakenly believed to be his property. Lewis, Mrs. Adams, and her son, Richard Adams attempted to settle the issue, and Lewis alleges that both Mrs. Adams and Richard Adams informed him during these settlement efforts that Defendant Craft was their attorney. Eventually, after efforts to settle the issue failed, Craft sought and obtained Lewis' indictment for theft. At this time, Craft worked part-time as the Commonwealth's Attorney i.e. for Letcher County, Kentucky. A warrant issued for Lewis' arrest, and he was arrested at a school board meeting. Lewis was tried and convicted in 1988, but his conviction was overturned by the Kentucky Court of Appeals on December 27, 1991, and that decision became final on January 17, 1992.
 
 
 3
 Also, in 1984 Lewis ran for and won a position on the Letcher County Board of Education. Lewis and Craft had opposing views on school board issues. Prior to this election Craft represented the school board as its attorney, but after this election Craft was not so retained. After Lewis' conviction, however, he lost the next election and the school board again retained Craft as its attorney.
 
 
 4
 Lewis filed the complaint in this action on November 16, 1992. The complaint states that
 
 
 5
 [t]his is a civil rights suit brought by Bill Lewis under 42 U.S.C. Section 1983 against defendant James W. Craft who used his position as Commonwealth's Attorney to further his own private interests in civil litigation and his service as school board attorney and to settle political debts when he sought a criminal charge against plaintiff when he represented the alleged victim, when he had plaintiff indicted for theft even though he knew no crime had been committed, when he arranged for plaintiff's arrest at the time plaintiff was attending a school board meeting, when he prosecuted plaintiff at a jury trial and obtained a conviction which was later reversed because there was no evidence to support a criminal charge and when he informed the public that he would act to remove plaintiff from office if he won the re-election to the Board of Education, thereby contributing substantially to plaintiff's defeat in the election.
 
 
 6
 J.A. at 6-7. Lewis claimed that in so doing, Craft, acting under color of state law, had "deprived [Lewis] of his rights to freedom of speech and association and engaged in malicious prosecution, causing him to be denied due process contrary to the First, Fourth, Fifth, Sixth, and Fourteenth Amendments." J.A. at 7.
 
 
 7
 On February 28, 1994, the district court granted summary judgment to Craft, dismissing Lewis's Sec. 1983 claims with prejudice, and dismissing his pendant state law claims without prejudice. Lewis now appeals to this court and raises the following two issues: whether the district court erred in finding that as the Commonwealth's Attorney Craft was entitled to absolute immunity, and whether the district court erred in not finding that statements to the media by the prosecutor are only subject to qualified immunity.
 
 
 8
 "We review a district court's grant of summary judgment de novo.... [I]in a motion for summary judgment, 'credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.' " Russo v. City of Cincinnati, 953 F.2d 1036, 1041-42 (6th Cir.1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and citing Vollrath v. Georgia-Pacific Corp., 899 F.2d 533, 534 (6th Cir.), cert. denied, 498 U.S. 940 (1990)).
 
 II.
 
 9
 The district court relied on the Supreme Court's decision in Imbler v. Pachtman, 424 U.S. 409 (1976) and this court's decisions in Joseph v. Patterson, 795 F.2d 549 (6th Cir.1986), cert. denied, 481 U.S. 1023 (1987) and Grant v. Hollenbach, 870 F.2d 1135 (6th Cir.1989) to conclude that Craft was entitled to absolute immunity for his initiation and prosecution of the criminal case against Lewis in his capacity as Commonwealth's Attorney. In Imbler, the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under Sec. 1983." 424 U.S. at 431. The Court held that these functions "were intimately associated with the judicial phase of the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force." Id. at 430. In Joseph, this court determined that the issuance of complaints and arrest warrants based on false statements were part of the "initiating of a prosecution" and thus protected under Imbler, 795 F.2d at 555, and also determined that pursuit of the prosecution, "even if malicious and founded in bad faith, is unquestionably advocatory and at the heart of the holding in Imbler," 795 F.2d at 557. In Grant, this court held that prosecutors were absolutely immune from a claim that they had conspired to knowingly bring false charges and from a claim that they failed to investigate facts before and after the indictment. 870 F.2d at 1138-39. Based on this precedent, we conclude that the district court correctly determined that Prosecutor Craft was absolutely immune from suit for seeking and obtaining the indictment against Lewis and for prosecuting Lewis.
 
 
 10
 Lewis further argues, however, that the district court did not address the Supreme Court's more recent holdings in Burns v. Reed, 500 U.S. 478 (1991) and Buckley v. Fitzsimmons, 113 S.Ct. 2606 (1993). In Burns, the Court held that a state prosecutor was not entitled to absolute immunity for giving legal advice to police. 500 U.S. at 492-96. In Buckley, the Court held that prosecutors' actions in endeavoring to determine whether a bootprint at the scene of the crime had been left by the suspect were investigatory and only entitled to qualified immunity. 113 S.Ct. at 2615-17. Lewis argues that under Burns Craft is not entitled to absolute immunity for his alleged legal advice to Mrs. Adams regarding the property dispute. Even if we were to agree with this analysis, we find that Lewis is still not entitled to relief from this court because his allegation does not state an actionable claim under Sec. 1983.[1]
 
 
 11
 This court has held that "[o]nly when 'the misuse of a legal proceeding is so egregious as to subject the aggrieved individual to a deprivation of constitutional dimension' does Sec. 1983 provide a remedy for a claim of malicious prosecution." Coogan v. City of Wixom, 820 F.2d 170, 175 (6th Cir.1987) (quoting Dunn v. Tennessee, 697 F.2d 121, 125 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983)). More recently, the Supreme Court has held that there is no substantive right under the Due Process Clause of the Fourteenth Amendment to be free from criminal prosecution except upon probable cause. Albright v. Oliver, 114 S.Ct. 807, 810 (1994). Upon full review of the record, we are unable to discern the specific constitutional or other federal right infringed by Craft's alleged legal advice to Mrs. Adams. We thus conclude that with respect to Lewis' claims of malicious prosecution based on Craft's actions before seeking the indictment, Lewis has neither sufficiently alleged a constitutional violation nor presented facts indicating a constitutional violation that would support a Sec. 1983 claim.
 
 
 12
 As his second issue on appeal, Lewis argues that Craft is not entitled to absolute immunity for statements he made to the media. Lewis is correct that the Supreme Court made clear in Buckley that "[c]omments to the media have no functional tie to the judicial process just because they are made by a prosecutor," and thus are not protected by absolute immunity. 113 S.Ct. at 2618. In Buckley, the petitioner alleged that the prosecutor had made various false statements during his public announcement of the indictment and had released mug shots of the petitioner to the media that defamed him and deprived him of his constitutional right to a fair trial. Id. at 2610, 2617. Nevertheless, in Buckley, the issue of immunity was reached because the Court assumed that Buckley had properly stated a claim under 42 U.S.C. Sec. 1983. See id. at 2609.
 
 
 13
 We find that Buckley does not control this case, however, because Lewis has failed to state a claim under Sec. 1983. Lewis has not indicated how a statement made by Craft to the media that he would seek to remove Lewis from office if he won re-election to the Board of Education amounts to a violation of constitutional or federal law that could trigger a Sec. 1983 claim. The Supreme Court has clearly held that defamation alone is not a constitutional violation. Siegart v. Gilley, 500 U.S. 226, 233-34 (1991); Paul v. Davis, 424 U.S. 693, 710-12 (1976). To properly state a claim under Sec. 1983, the plaintiff must allege that the defamatory statement did more than simply injure his reputation, he must allege that it deprived him of a liberty or property interest protected by the Fourteenth Amendment, or other interest protected through the Fourteenth Amendment. See Mertik v. Blalock, 983 F.2d 1353, 1362-63 (6th Cir.1993).
 
 
 14
 In the instant case, viewing the evidence in the light most favorable to the non-moving party, Lewis claims that Craft's statement caused him to lose his run for reelection to the School Board.[2] This fails to state a claim under Sec. 1983 because Lewis had no interest protected under the Fourteenth Amendment in being reelected to a seat on the School Board. See Mertik v. Blalock, 983 F.2d at 1363 (interpreting Siegart as holding that "a stigma to reputation that affects only future employment opportunities does not give rise to a protected liberty interest"); Gruenburg v. Kavanagh, 413 F.Supp. 1132, 1137 (E.D.Mich.1976) (holding that "plaintiff's contention that his opportunity to be re-elected has been irreparably damaged is much too intangible an interest to invoke the protection of due process").
 
 
 15
 Lewis further claims, however, that the alleged defamatory statement was "intended to inhibit [his] exercise of First amendment rights in seeking elective office." Lewis Br. at 9 (emphasis added). We find that this still fails to state a claim under Sec. 1983, because Craft's alleged statement did not prevent Lewis from seeking office, but at most only prevented Lewis from winning office. See Flinn v. Gordon, 775 F.2d 1551, 1554 (11th Cir.1985), cert. denied, 476 U.S. 1116 (1986), (holding that there exists constitutional right to run for office and to hold office once elected, but no constitutional right to win election, and thus plaintiff had failed to state Sec. 1983 claim); Gerstein v. Rundle, 833 F.Supp. 906, 915-16 (S.D.Fla.1993) (holding that plaintiff's claim that defendant had used her political power in bad faith to thwart his election in violation of his First Amendment right to free exercise failed to state claim under Sec. 1983 because loss of election cannot constitute deprivation of constitutional right), aff'd 56 F.3d 1389 (11th Cir.1995); Lahaza v. Azeff, 790 F.Supp. 88, 92 (E.D.Pa.1992) (holding that allegations by candidate for local election that conspiracy among township board and election opponent to initiate criminal investigation caused candidate to be deprived or opportunity to win primary election for township board failed to state a Sec. 1983 claim because there is no federally protected right to win public office). We conclude that Lewis' claims regarding Craft's alleged defamatory statement are not actionable under Sec. 1983.
 
 
 16
 Consequently, we find the fact that Craft may only be entitled to qualified immunity for alleged statements made to the press is irrelevant since Lewis has failed to state a claim under Sec. 1983 with respect to these statements.
 
 III.
 
 17
 For the reasons just stated, we affirm the decision of the district court.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Norther District of Ohio, sitting by designation
 
 
 [1]
 In Burns, the Supreme Court made the following comment at the end of the majority opinion:
 Of course, in holding that respondent is not entitled to absolute immunity for rendering the legal advice in this case, we express no views about the underlying merits of petitioner's claims against respondent.
 500 U.S. at 496 n. 9. We find it appropriate to examine further Lewis' claims against Craft.
 
 
 [2]
 The only "evidence" before the district court on this issue was a statement by Lewis in his deposition testimony. See Lewis Dep. at 6 (in the original record). We find that this evidence fails to support a Sec. 1983 claim without determining whether it was the type of evidence that could defeat summary judgment. See generally Wiley v. United States, 20 F.3d 222, 226 (6th Cir.1994) (holding that "hearsay evidence cannot be considered on a motion for summary judgment"); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (holding that nonmoving party is not required to "produce evidence in a form that would be admissible at trial in order to avoid summary judgment"); O-So Detroit, Inc., v. Home Ins. Co., 973 F.2d 498, 505 (6th Cir.1992) (same)